## City of Reading *v.* Reading and Southwestern Street Railway Company, Appellant.

*Street railways—Paving—Expense of repaving.*

Legislative contracts are construed most favorably to the public interests in cases of doubt, but where the legislation reserves the right to the municipality to do certain acts involving incidental expenses to one of the parties, silence as to the one who shall pay is not necessarily an imposition of the expense upon the party contracting with the municipality. The right reserved being for the benefit of the municipality, the implication would be strong that should the contingency arise for the exercise of the right, the expense attendant thereupon should be an incident to such exercise.

Where a city ordinance requires a street railway company, in return for the privilege of using streets, to pave the same, and "keep said paving in good repair," and also provides that the company shall make no obstruction while street improvements are in progress, and that "if tracks are to be removed or raised during such improvements, the expense thereof, as well as any damage done to the tracks shall be borne by the company," the ordinance does not impose upon the company the expense of repaving streets where the paving has been torn up for a municipal improvement.

Argued Nov. 13, 1901. Appeal, No. 184, Oct. T., 1901, by defendant, from judgment of C. P. Berks Co., May T., 1894, No. 78, on verdict for plaintiff in case of City of Reading v. Reading and Southwestern Street Railway Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for costs of repaving street.   Before ENDLICH, J.

At the trial it appeared that the suit was brought for the cost of repaving a portion of Franklin street in the city of Reading. It appeared that the original pavement laid by the company had been torn up for the purpose of making a municipal improvement. The material portions of the ordinance which constituted the contract between the parties are quoted in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $500.23.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Cyrus G. Derr,* with him *John H. Rothermel,* for appellant. —The word "repair" implies and relates to a previous condition of the thing to be repaired, and a covenant to repair the thing imports an obligation to maintain such previous condition against the wear and tear of use and accident, but it does not embrace the restoration of such pre-existing condition of the thing when such condition has been changed by the person with whom the covenant to repair was made, unless there be an express stipulation to that effect: Philadelphia v. Hestonville, etc., Pass. R. R. Co., 177 Pa. 371; Norristown v. Norristown Pass. Ry. Co., 148 Pa. 87.

The provision of section 5 of the ordinance in question that if the defendant's tracks are to be removed or raised, the expense thereof, as well as any damage done to the tracks, shall be borne by the company, does not, upon any reasonable construction, embrace or contemplate a repaving of the street.

*William J. Rourke,* city solicitor, for appellee.—Independent of any statutory provisions if a railway company uses any part of a highway for the purposes of its road it would undoubtedly at the common law be bound to restore it to the former state of usefulness as near as practicable or at least to such a condition as not unnecessarily to endanger or obstruct public travel: 2 Wood on Railway Law, p. 975; Penna. R. R. Co. v. Borough of Irwin, 85 Pa. 336; Burritt v. City of New Haven, 42 Conn.

174; State v. St. Paul, etc., Ry. Co., 36 N. W.. Repr. 870; State v. City of Hoboken, 41 N. J. L. 71; Worster v. Forty-Second St., etc., R. R. Co., 50 N. Y. 203.

The right of a railroad company to lay its tracks in a street or public highway carries with it the obligations to lay them in a proper manner and to keep them in repair: Memphis, etc., R. R. Co. v. State, 87 Tenn. 746; 11 S. W. Repr. 946.

A grant to a corporation is construed liberally in favor of the public and strictly against the grantee: Com. v. Erie & · N. E. R. R. Co., 27 Pa. 339; Com. v. Cent. Pass. Ry. Co., 52 Pa. 506; Bank of Penna. v. Com., 19 Pa. 152; Penna. R. R. Co. v. Canal Commrs., 21 Pa. 9; Mayor, etc., of Allegheny v. Ohio & Penna. R. R. Co., 26 Pa. 355; Dugan v. Bridge Co., 27 Pa. 303.

OPINION BY WILLIAM W. PORTER, J., January 21, 1902:

The defendant company constructed its railway on Franklin street in the city of Reading, by virtue of an ordinance approved February 7, 1891. Section 2 thereof provides: "That the Reading and Southwestern Street Railway Company, be and is hereby required immediately upon the construction of the said railway tracks and turnouts and before the same shall be open for public travel, to pave the same with selected hill stone (or cobble stone) between the rails and outside thereof (to the limits of the sills), to the extent of two feet, and at all times keep said paving in good repair." Section 5 of the ordinance provides: "The City of Reading shall at all times have the right when making repairs or improvements in the streets, laying gas, water, or other mains, or in the construction or reconstruction of sewers, and for any other purpose or purposes, to open, if necessary, that portion of the road or street occupied by the tracks of the company, and said company shall make no obstructions while such repairs or improvements are in progress, and if tracks are to be removed or raised during such improvements, the expense thereof, as well as any damage done to the tracks, shall be borne by the company." There is no dispute about the facts of the case. The company paved the street and kept it in repair until the city took up the pavement between the tracks, made an excavation, laid a sewer, did the filling in, and called upon the railway company to replace the

pavement.   The railway company denies its liability to comply with the city's demand.

Nowhere in section 2 of the ordinance does it appear, the pavement once having been properly laid, that the company was bound to repave, but only that having paved, it was at all times "to keep said paving in good repair."   Section 5 reserves to the city the right to make repairs or improvements in the street, and for any purpose " to open, if necessary, the portion of the road or street occupied by the tracks of the company," and the company is prohibited from obstructing the work while such repairs or improvements are in progress.   To open the street involved the removal of the pavement.   There are no expressions used in either section 2 or section 5, of the ordinance, which impose upon the company the duty to replace a pavement which has been removed.   Nowhere is the obligation to repave imposed.   The stipulation of section 2 is, that the company shall keep in repair.   There is a marked distinction between the duties of repaving and of repairing.   Repair may involve partial reconstruction, but the repairs contemplated are those necessitated by the ordinary use of the pavement, and not those which amount to reconstruction made necessary by the voluntary act of the city in carrying out municipal improvements.   Legislative contracts are construed most favorably to the public interests in cases of doubt, but where the legislation reserves the right to the municipality to do certain acts involving incidental expense to one of the parties, silence as to who shall pay is not necessarily an imposition of the expense upon the party contracting with the municipality.   The right reserved being for the benefit of the municipality, the implication would be strong that should the contingency arise for the exercise of the right, the expense attendant thereupon should be an incident to such exercise.   It would have been easy and natural, when framing section 5 of the ordinance, to say, that in case of the opening of streets by the city, the cost of repaving or reconstruction of the pavement should fall upon the railway company.   That the opening of the street by the city might result in injury to the railway company was in contemplation.   Section 5 provides that, while the opening of streets to make improvements should be in progress, the railway company should not obstruct, and that if the tracks should

be removed or raised, the expense thereof, as well as any damage done to the tracks, should be borne by the company. Here is a provision for a case in which the company should have additional burdens imposed by acts done under the reservation permitting the opening of the street by the city. The expression of this one case excludes the inference that other cases, unexpressed, should arise in which additional burdens should be imposed. This principle of law has long been a familiar maxim.

The learned court below concedes that neither of the sections quoted is alone sufficient to sustain his conclusion, but holds that the sections taken together create the obligation to repave in case of destruction of the pavement by municipal improvements made under section 5. The concession is sound, but the conclusion is erroneous. Parts of a piece of legislation must be construed by a consideration of the whole, but the sections quoted are not in direct sequence and treat of different rights and liabilities. They are not susceptible of combination. Whether taken apart or together, they do not create, either by expression or by legitimate inference obligation upon the railway company to repave where the municipality removes the pavement already laid. An exaggerated illustration demonstrates the reasonableness of this view. Under section 5, the city has the power to open the roadbed between the tracks of the company to make improvements, let us say, a change of grade of a few inches to facilitate superficial drainage. The pavement may thus be utterly destroyed without caprice or malice on the part of the city, for an unlimited distance. This would necessitate a repavement of the company's entire line, diminished, perhaps, in expense to the extent of the usable material left at the roadside. Such a possible result is not within the purview of legislation which provides for but one paving and imposes the duty to keep " said paving in good repair."

The judgment, therefore, is reversed, and judgment is now entered for the defendant non obstante veredicto on the point reserved.